UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PERCY BROWN,     Plaintiff,

v.     Civil Action No. 3:16-cv-460-DJH-RSE

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, et al.,     Defendants.

\* \* \* \* \*

### ORDER

Defendants Gary Alcorn and David Sanford move for judgment on the pleadings in this § 1983 action, arguing that Plaintiff Percy Brown has again failed to allege adequate facts to support his claims against them. (Docket Nos. 71, 72) The Court previously found that Brown's original complaint "clearly failed to state a claim" against either Alcorn or Sanford. (D.N. 43, PageID # 458) As the Court explained in its September 27, 2017 Memorandum Opinion and Order, "[t]o avoid dismissal of his § 1983 claims, Brown 'must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right'[; t]he Court 'cannot ascribe the acts of all Individual Defendants' . . . 'to each individual defendant.'" (*Id.* (citations omitted)) The Court agrees with Alcorn and Sanford that Brown's amended complaint—which contains just one substantive allegation regarding Alcorn and little more as to Sanford (*see generally* D.N. 54)—fails to state a plausible claim for relief against either of them.[1] *See Jackson v. City of Cleveland*, 925 F.3d 793, 806 (6th Cir. 2019) (citations omitted) (explaining that a motion for judgment on the pleadings is subject to the same standard as a

---

[1] The only purported wrongdoing by either defendant is found in Brown's conclusory allegation, "[u]pon information and belief," that "Sanford did not inform any of his supervisors that a plan to frame Mr. Brown for various violent offenses had been agreed upon between himself and the other defendants." (D.N. 54, PageID # 637) The amended complaint contains no facts to support the assertion that Sanford was a party to such an agreement.

1

2

motion to dismiss for failure to state a claim).  Notably, Brown does not argue otherwise; he filed no response to either motion.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motions for judgment on the pleadings by Alcorn (D.N. 71) and Sanford (D.N. 72) are **GRANTED**.  Brown's claims against Alcorn and Sanford are **DISMISSED** with prejudice.  The Clerk of Court is **DIRECTED** to terminate Gary Alcorn and David Sanford as defendants in the record of this matter.

This Order does not affect Brown's claims against any other defendant.