UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PERCY BROWN,     Plaintiff,

v.     Civil Action No. 3:16-cv-460-DJH-RSE

LOUISVILLE JEFFERSON COUNTY
METRO GOVERNMENT, et al.,     Defendants.

\* \* \* \* \*

## ORDER

Defendant Jeffrey G. Jewell moves for judgment on the pleadings in this § 1983 action, arguing that Plaintiff Percy Brown has again failed to allege adequate facts to support his claims against Jewell. (Docket No. 76) Brown maintains that his allegations are sufficient. (D.N. 78) In responding to Jewell's motion, Brown submitted the document upon which the relevant claims are based. (*See* D.N. 78-3) Because that document contradicts the allegations in the amended complaint, the Court will grant Jewell's motion and dismiss the claims against him.

**I.**

Brown alleges that he was incarcerated for more than eight years as a result of a police conspiracy to frame him for various offenses. (D.N. 54) He claims that Jewell, a University of Louisville police officer, fabricated evidence against him when Jewell and Defendant Michael Smithers interrogated Montoya Tyson on December 10, 2004. (*Id.*, PageID # 635) According to the amended complaint, "Smithers and Jewell fabricated a false statement for Tyson that implicated Mr. Brown in the murder of Jennifer French and accused Mr. Brown of sodomizing Tyson." (*Id.*) Brown alleges that this statement resulted in his indictment on charges of sodomizing Tyson. (*Id.*, PageID # 635, 637-38, 641-43)

The Court previously found, in allowing Brown to amend his complaint, that his amended allegations against Jewell were sufficient. (D.N. 53, PageID # 625-26) Specifically, the Court concluded that the amended complaint "adequately allege[d] that Jewell 'made[,] influenced, or participated in the decision to prosecute' Brown and 'knowingly manufacture[d] probable cause,' leading to Brown's seizure." (*Id.*, PageID # 626 (quoting *Robertson v. Lucas*, 753 F.3d 606, 616 n.5 (6th Cir. 2014)) (internal citation omitted))

Jewell now contends that the allegations are inadequate and unsupported by Tyson's statement. He attached to his motion a statement given by Tyson to police on December 10, 2004. (D.N. 76-1) That statement, Jewell points out, does not mention sodomy. (*See id.*; D.N. 76, PageID # 737-41) Brown responded with two additional statements that Tyson gave to police on the same date; in the latter, Tyson accused Brown of sodomizing Jennifer French. (D.N. 78-3, PageID # 785-86, 798)

## II.

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same plausibility standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Farmers' Ethanol LLC v. Bounty Minerals, LLC*, 666 F. App'x 421, 423 (6th Cir. 2016) (citing *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008)). Judgment on the pleadings is appropriate only if, taking "all well-pleaded material allegations of the party opposing the motion" as true, "the moving party nevertheless is entitled to judgment as a matter of law." *Id.* (citing *Tucker*, 539 F.3d at 550; *Fla. Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 1000 (6th Cir. 2015)). Although review under Rule 12(c) is generally limited to the pleadings and any exhibits attached to the pleadings, the Court may also consider documents that are "central or integral to" the complaint without converting the motion to one for summary

judgment. 5C Federal Practice & Procedure § 1371 (3d ed.); *see* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also McLaughlin v. CNX Gas Co.*, 639 F. App'x 296, 298 (6th Cir. 2016) (citing *Werner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). And when such a document contradicts the allegations of the complaint, the claim fails. *See Land & Bldgs. Inv. Mgmt., LLC v. Taubman Ctrs., Inc.*, 751 F. App'x 612, 617 (6th Cir. 2018) ("Because L&B's breach-of-contract claim is belied by the clear terms of the very contract on which it is based, L&B has not stated a plausible claim." (citing *Cates v. Crystal Clear Techs., LLC*, 874 F.3d 530, 536 (6th Cir. 2017)); *In re Livent Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely . . . ."); *see also Cates*, 874 F.3d at 536 ("[W]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.").

Brown's claims against Jewell rest on allegations that Jewell and Smithers fabricated a statement from Montoya Tyson that resulted in Brown being indicted for sodomy against Tyson. (D.N. 54, PageID # 635, 637-38, 641-43) Tyson's statement is thus "central or integral to" the complaint and may be considered here. 5C Federal Practice & Procedure § 1371. The statement, however, reveals that Tyson told Jewell and Smithers that Brown had sodomized Jennifer French; it contains no mention of sodomy against Tyson.[1] (*See* D.N. 78-3) Because

---

[1] Each party accuses the other of misrepresenting the evidence, and indeed, both are guilty of misrepresentation: Jewell repeatedly asserts that Tyson's "statement" (singular) "contained no reference to any sort of sodomy or alleged sexual assault" (D.N. 76, PageID # 737; *see id.*,

3

Brown's claims against Jewell are contradicted by the document upon which they rely, judgment on the pleadings is warranted. *See, e.g.*, *Land & Bldgs. Inv. Mgmt.*, 751 F. App'x at 617.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Jewell's motion for judgment on the pleadings (D.N. 76) is **GRANTED**. Brown's claims against Jewell are **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to terminate Jeffrey G. Jewell as a defendant in the record of this matter.

This Order does not affect Brown's claims against any other defendant.

March 9, 2021

David J. Hale, Judge
United States District Court

---

PageID # 738-41), while Brown contends that Tyson's third statement "accused Mr. Brown of sodomizing Tyson" and gave rise to Brown's indictment for sodomy against her. (D.N. 78, PageID # 759 (quoting amended complaint))